## WOOLSTEIN et al. v. WELCH.

*(Circuit Court, D. Kansas. July 18, 1890.)*

INJUNCTION—PROCEDURE—PARTIES—MISJOINDER.

Persons who have been separately indicted for the sale of intoxicating liquors in the original packages in which they were imported, and separately enjoined from making such sales, cannot maintain a joint suit for an injunction against such proceedings, though they are, respectively, the agent and subagent of the same importer.

In Equity. Bill for injunction.

The complainant M. Wollstein is a citizen of the state of Missouri, engaged there in the business of a wholesale liquor dealer, and since the 13th day of May last past has been engaged in shipping from said state, into the state of Kansas, such liquors, in original packages. Said liquors were shipped to Topeka, Kan., consigned to the co-complainant Sicher, as his agent, to sell the same in the original packages in which they were so shipped. Said Sicher, being empowered by said principal to employ any subagent, to assist in and about the said business, did on the 20th day of May, 1890, employ the other complainant, Schmidt, as such subagent or assistant. The said Sicher and the said subagent received said packages, and proceeded to sell the same at Topeka. On the 28th day of May, 1890, the respondent, Welch, acting as county attorney of Shawnee county, in which said sales were being made, caused

the arrest, on separate informations, of said Sicher and Schmidt, for violating what is known as the "prohibitory" law of the state in so selling such liquor. At the same time the said Welch filed separate petitions in the state district court against the said Sicher and Schmidt, charging that the place where such business was being so conducted was a nuisance, and asking for an injunction closing the same up, and enjoining defendants from further conducting said business thereat. On these petitions the court, without indemnity bond or notice to defendants therein, made a temporary order enjoining the parties, as prayed. Upon the arrest and imprisonment of the parties under said criminal charge, they applied to the United States district court for a discharge under a writ of *habeas corpus.* Upon hearing therein, they were discharged therefrom, (*ante,* 545,) on the ground that, under the commercial clause of the federal constitution, the said Wollstein had a right to import said goods into the state, and the said agents had a right to sell the same in the original packages, as they had done, any law of the state to the contrary notwithstanding.

The petition charges that, notwithstanding the premises, the said respondent, instigated by the purpose to prevent the said agents from making such sales of such liquors in said state, threatens to continue to so prosecute and imprison said agents, and to have them arrested, on contempt warrants from the said district court, for violating said injunction order in like sales made since their discharge under the writ of *habeas corpus.* The prayer of the petition is that respondent be restrained from carrying into execution his said threat, and further molesting the complainants in the peaceful and lawful pursuit of said business. Respondent has demurred generally to the bill on a hearing for preliminary injunction.

*Wheat, Chesny & Curtis,* for complainants.

*L. B. Kellogg,* Atty. Gen., for defendant.

PHILIPS, J., (*after stating the facts as above.*) There is some confusion in parties complainant, and mingling of distinct claims for relief, in the bill of complaint, which, even under the flexible and versatile rules of equity pleading and remedies, are hardly permissible. Wollstein, the non-resident importer, is joined as co-complainant with his agent, Sicher, and the subagent, Schmidt. The only interest, recognizable in equity, Wollstein is shown to have, is that, as an importer, his property rights and interests may be affected by the threatened acts of the respondent. But the other co-complainants are not so interested therein as to authorize their joinder, or entitle them to any relief on that ground. It is a general rule of equity pleading that no person should be made a party who is not interested in the subject-matter of the suit, and for or against whom no decree can be made. It is on this ground that agents, as a rule, are not joined with the principal. Story, Eq. Pl. § 231. As to the threatened prosecutions against Sicher and Schmidt, either criminally or civilly, under the contempt proceeding for violating the injunction order of the state court, it would be wholly personal as to them, as affecting

their liberty, and their right to pursue, unmolested, the business of their employment. As to the matter for which Wollstein could alone ask for relief, the bill does not seem to be framed on such a theory; and the averments in this respect, we think, are not sufficient to warrant such relief. It is competent for a court of chancery to grant relief to some of the co-complainants, and not to others, and it can give different relief in character and extent to different complainants. 1 Pom. Eq. Jur. § 115. So, if the other two complainants present grounds for joint relief, it may be granted them. On the other hand, if their interests in the subject-matter be several, the temporary injunction should not be granted, as it would be dissolved at the hearing on motion or demurrer. *Jones* v. *Del Rio,* Turn. & R. 297.

In *Hudson* v. *Maddison,* 12 Sim. 416, a bill by several occupants of houses to restrain the erection of a steam-engine, which would be a nuisance to each of them, it was held that each occupier had a distinct right of suit, and consequently could not sue jointly. This was placed on the ground "that, as each of them has a separate nuisance to complain of, that which is an answer to one may not be an answer to the other; and if, upon such a bill, a decree were to be pronounced, it must be a decree which would provide for five different cases." So if we should apply to the facts of the case as disclosed by the bill, the ruling in *Tuchman* v. *Welch, ante,* 548, (opinion filed of this date;) holding that complainants are entitled to the relief prayed for against the threatened proceedings in the contempt warrant, in the nature of an ancillary proceeding in the several cases, we are confronted with this formidable difficulty: It appears from the petition, as also from the exhibits thereto, that the suits in the state court in which the temporary orders of injunction were granted were separate actions, and separate restraining orders were issued against Sicher and Schmidt. The action against them was not joint. The breach of the order would be the individual act of each, and the contempt warrant would be issued separately in each case, or might issue against one and not the other, as one might violate it and the other not; and the answer which one might make the other might not. The parties were separately indicted or informed against, and separately enjoined. Both being servants of Wollstein, or, at least, Sicher being such servant, and Schmidt his subagent, each is responsible to the law of Kansas for his own act, and not that of his fellow-servant or principal. While they might jointly make a sale, and by that common act violate the order of injunction, yet, as the matter stands, the respondent could only proceed against them separately for contempt. The joint suit to enjoin against the threatened action, in our opinion, is improper.

The remaining matter sought to be enjoined is the threat of respondent to continue to harass Sicher and Schmidt with other criminal prosecutions for any future like sales. As each could be separately prosecuted for his act, and as the joint sale of a package would be an act so improbable, we perceive no propriety in a joint proceeding of injunction. In other words, as mere employes, servants of the importer, with no community of interest in the property, presumably receiving separate

wages, each having a personal accountability to the employer, and a several personal liability to a criminal prosecution, there is every good reason for disallowing, and no sufficient reason is apparent for indulging, a joint suit.

In view of this conclusion, we omit any discussion of the right to relief sought in a proper form of action. It follows that the writ of injunction is disallowed.

FOSTER, J., concurs.